Parrish BOURNE, Petitioner–
Appellant,

v.

State of KANSAS; Attorney General of
Kansas, Respondents–Appellees.

No. 07–3228.

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 2009.

Michael S. Holland, Russell, KS, for Pe-
titioner–Appellant.

Kristafer R. Ailslieger, Office of the At-
torney General, Topeka, KS, for Respon-
dents–Appellees.

Before BALDOCK, BRORBY, and
EBEL, Circuit Judges.*

## ORDER DENYING CERTIFICATE
OF APPEALABILITY**

DAVID M. EBEL, Circuit Judge.

Parrish Bourne, a Kansas state prisoner
represented by counsel, seeks a certificate
of appealability ("COA") to challenge the
district court's denial of his 28 U.S.C.
§ 2254 petition for habeas relief from his
Kansas conviction for aggravated arson.
See id. § 2253(c)(1)(A). Mr. Bourne is
entitled to a COA only if he has "made a
substantial showing of the denial of a con-
stitutional right." Id. § 2253(c)(2). To
make such a showing, he must demon-
strate that "reasonable jurists could de-
bate whether . . . the petition should have

been resolved in a different manner or that
the issues presented were adequate to de-
serve encouragement to proceed further."
Slack v. McDaniel, 529 U.S. 473, 484, 120
S.Ct. 1595, 146 L.Ed.2d 542 (2000) (inter-
nal quotation marks omitted).

In his counseled habeas petition, Mr.
Bourne contends correctional officers de-
nied him access to his attorney during the
week preceding trial, thereby denying him
his rights to (1) effective assistance of
counsel and (2) a fair trial. The facts he
provides in support of these two grounds
for relief are identical. The federal dis-
trict court construed both "grounds [to]
allege that petitioner was denied his right
to counsel under the Sixth Amendment
when he was unable to consult with his
defense counsel the week before his trial
commenced." Aplt.App. at B–7.

In a thorough memorandum and order
denying Mr. Bourne's § 2254 petition, the
district court set forth the facts and stan-
dard of review, and applied the applicable
law. In so doing, it observed:

> Petitioner states that he was 'unable, as
> a direct result of the correctional offi-
> cer's actions, to pass on important infor-
> mation regarding his upcoming jury tri-
> al.' Yet, petitioner does not explain
> what information he was prevented from
> relaying to his counsel, and he fails to
> explain how this caused him to suffer
> harm at his trial. Also, the record
> shows that petitioner was able to com-
> municate freely with his counsel in the
> previous weeks leading up to trial,
> meaning that petitioner could have
> passed on this information to his counsel

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. See Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument.

** This order is not binding precedent except
under the doctrines of law of the case, res
judicata and collateral estoppel. It may be
cited, however, for its persuasive value consis-
tent with Fed. R.App. P. 32.1 and 10th Cir. R.
32.1.

at that time. And further, petitioner *was able to communicate with his counsel on the Saturday before trial,* and there is nothing in the record to indicate that petitioner was unable to give such information to his counsel at that time.

*Id.* at B–13 to B–14 (emphasis added).

Having carefully considered the record, Mr. Bourne's arguments on appeal, and the applicable law, we conclude, for substantially the same reasons stated in the district court's memorandum and order, that Mr. Bourne has failed to make the requisite showing. We therefore DENY his request for a COA and DISMISS the appeal.